IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:88-cr-01026-MP-AK

CHARLES L DAVIS,

    Defendant.

_____/

**O R D E R**

This matter is before the Court pursuant to the Order at Doc. 3397, which required the parties to brief the issue of whether the Sentencing Reform Act of 1984 applied to Mr. Davis. The parties have each filed memoranda on the issue, docs. 3398 and 3399, respectively. In his memorandum, Mr. Davis argues that he should not be held responsible for participation in the conspiracy after February, 1987, since he alleges he had broken all ties with the conspiracy, changed his identity and moved to St. Thomas and Maryland because he feared that Terry Fitzwater was planning to kill him. The government, however, argued that

> [i]n the subject case, there is a complete lack of evidence that defendant Davis took affirmative steps prior to the effective date of the sentencing guidelines to terminate and disavow any participation in the conspiracy. In the absence of such proof, this Honorable Court should sentence Davis in accordance with the guidelines.

Doc. 3398, p. 4-5.

Following enactment of the Sentencing Reform Act, numerous appellate courts addressed the question of whether the Act applied to "straddling" conspiracies, i.e., conspiracies which began prior to and continued after the enactment of the Act. See United States v. Bakker, 925 F.2d 728, 739 (4th Cir.1991). In addressing this question, the Eleventh Circuit concluded that a

conspiracy that began before the effective date of the Act and continued after that date is subject to sentencing under the Act. See United States v. Terzado-Madruga, 897 F.2d 1099, 1123 (11th Cir.1990). This determination that the Act applies to "straddling" conspiracies eventually led to a more complex question - whether a defendant is subject to the Act when he was involved in a "straddling" conspiracy but committed no overt acts after the date of the enactment of the Act.[1]

This issue was directly addressed by the Eleventh Circuit in United States v. Diaz, 190 F.3d 1247 (11th Cir. 1999) (involving the appeal of a decision of this Court). Diaz involved a conspiracy "that began before the effective date of the guidelines and continued after that date..." Id. at 1257. The Eleventh Circuit concluded that in these circumstances, "[A] defendant must take affirmative steps prior to the effective date to terminate and disavow any participation in the conspiracy in order for the guidelines not to apply to his sentencing." 190 F.3d at 1257, *citing* United States v. Peeples, 23 F.3d 370, 374 (11th Cir.1994). In the absence of any proof that Diaz took such steps, the Eleventh Circuit concluded he was subject to the Act. Diaz at 1257.

In U.S. v. Peeples, 23 F.3d 370 (11th Cir. 1994), however, the case cited by Diaz, the

---

[1] As an initial matter, it should be noted that the current record in this case demonstrates that the conspiracy continued after November 1, 1987. Originally, the Eleventh Circuit found that the record in this case at the time of the appeal of Defendants Wright, Knowles and Squires did not contain evidence proving that the conspiracy continued after that date. United States. v. Knowles, 66 F.3d 1146, 1163-64 (11th Cir. 1995). The basis of the Eleventh Circuit's decision was that the testimony of Mark Govea, concerning the use of the boat *Olives* by Archie Jones for a drug run in December of 1987, "alone [was] insufficient to tie Archie Jones' venture in December 1987 to the charged conspiracy." Id. In the trial of Jose Sepulveda, however, the government offered additional testimony regarding four cashier's checks distributed in November of 1987 and regarding Mr. Sepulveda's communications with Archibald Jones concerning the trading of the *Olives* for another boat, in order to sink the *Olives*. See Presentence Report ¶¶ 50,51; Transcript of Sentencing, doc. 3247, pp. 147-48. Based on such testimony, the undersigned concluded during sentencing that the evidence now clearly indicates that the conspiracy continued after the effective date of the Act. See Transcript of Sentencing, doc. 3248, pp. 90,93, and 105. This decision was upheld on appeal, Doc. 3321, pp 2-3, n.1.

Court found that two of the three defendants who had run an airstrip and helped drug smugglers using the strip were not subject to the Guidelines even though the conspiracy continued after November 1, 1987. The Court reasoned as follows:

> The particular context to analyze the scope of agreements by these participants is that the airstrip continued to be potentially available by its location on the ranch whether or not there was any current authorization by Joe or John Peeples for its use in smuggling operations. Under these circumstances, actual evidence of continued involvement in a specific activity is the most reliable indicator of the time frame that each participant remained actively engaged in the conspiracy. Our consideration of factors of foreseeability or withdrawal from the conspiracy is not blurred by the noncriminal elements of personal or family relationships or places of residence which coexisted with the conspiracy's functions. A measure of the duration of criminal involvement, if not based on actual individual agreement and activity, would impose an indefinite standard beyond the evidence of guilty conduct.
>
> After a review of the record, we are convinced that the evidence against Joe Peeples and Fred Borgardt does not demonstrate a continuation of their pattern of illegal conduct through the effective date of the sentencing guidelines. Cessation of activity and no evidence of further agreement or conduct by Joe Peeples and Fred Borgardt lends no support to finding reasonable foreseeability regarding an indefinite continuation of their involvement in the conspiracy. Here, the enterprise had sporadic and unpredictable episodes, with little foreseeability or opportunities to express intent to withdraw.

Together, the Peeples and Diaz cases suggest the contours of the withdrawal principle, and both cases require the consideration of the evidence in the case regarding whether Mr. Davis took affirmative steps, before the effective date of the Sentencing Reform Act, to terminate his participation in, and to disavow any participation in, the conspiracy.

Because Mr. Davis is pleading guilty, he has not had the chance to offer such evidence, and the government has not had the chance to contest any such evidence. Moreover, the statement in the plea agreement that "The United States acknowledges that there is no evidence to demonstrate the defendant's continued participation in the criminal conduct underlying the

charged conspiracies following the last overt act charged in the pending indictment, said act occurring on or about February 3, 1987" does not completely settle the matter, because more than merely ceasing participation is required. The defendant must meet the burden of demonstrating he took "affirmative steps" to terminate his participation or to disavow further participation. For the above reasons, an evidentiary hearing must be held, during which the defendant shall be given the opportunity to demonstrating that he has met his burden of proving withdrawal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Clerk is directed to set an evidentiary hearing on the sole issue of whether Mr. Davis withdrew from the conspiracy before the effective date of the Sentencing Reform Act of 1984.

2. Sentencing in this case will be set after resolution of this issue, allowing sufficient time for the probation officer to prepare the pre-sentence report .

**DONE AND ORDERED** this _9th_ day of June, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge