FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
1:88cr01026-017 - CHARLES L. DAVIS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                          Case # 1:88cr01026-017 (SSSSS)

**CHARLES L. DAVIS**
                                                  USM # 42268-018

                                                  Defendant's Attorney:
                                                   LEE FUGATE (Retained)
                                                  101 E. Kennedy Blvd, Suite 1200
                                                  Tampa, FL 33602-1010

_____

### AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 2 and 3, 7 through 11, 20 through 25, 30 through 32 of the FIFTH Superseding Indictment on February 22, 2005.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C §952 and §953 | Conspiracy to Import More than 1,000 Kilograms of Marijuana, More Than 1 Kilogram of Hashish Oil, and More Than 5 Kilograms of Cocaine | March 9, 1993 | Two |
| 21 U.S.C §841 and 846 | Conspiracy to Distribute and to Possess With the Intent to Distribute More Than 1,000 Kilograms of Marijuana, More Than 1 Kilogram of Hashish oil, and More Than 5 kilograms of Cocaine | March 9, 1993 | Three |
| 21 U.S.C § 952 and 18 U.S.C. §2 | Importation of More Than 50 Kilograms of Marijuana | May 5, 1985 | Seven |
| 21 U.S.C §841 and 18 U.S.C §2 | Possession With the Intent to Distribute More Than 50 Kilograms of Marijuana | May 5, 1985 | Eight |
| 21 U.S.C § 952 and 18 U.S.C §2 | Importation of More Than 1 Kilograms Hashish Oil | May 5, 1985 | Nine |
| 21 U.S.C 841 and 18 U.S.C. §2 | Possession With the Intent to Distribute More Than 50 Kilograms of Marijuana | May 5, 1985 | Ten |
| 18 U.S.C. §2 and 1952(a)(3) | Travel With the Intent to Promote an Unlawful Activity | May 5, 1985 | Eleven |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

| | | | |
|---|---|---|---|
| 21 U.S.C §952 and 18 U.S.C. §2 | Importation of More Than 50 Kilograms of marijuana | December 31, 1985 | Twenty |
| 21 U.S.C §841 and 18 U..C §2 | Possession With the Intent to Distribute More Than 50 Kilograms of Marijuana | December 31, 1985 | Twenty-One |
| 21 U.S.C §2 and 1952(a)(3) | Travel With the Intent to Promote an Unlawful Activity | December 31, 1985 | Twenty- Two |
| 21 U.S.C §952 and 18 U.S.C. §2 | Importation of More Than 50 Kilograms of marijuana | May 5, 1985 | Twenty-Three |
| 21 U.S.C. §841` and 18 U.S.C §2 | Possession With the Intent to Distribute More Than 50 Kilograms | April 30, 1986 | Twenty-Four |
| 21 U.S.C.§2 and 18 U.S.C 1952(a)(3) | Travel With the Intent to Promote an Unlawful Activity | April 30, 1986 | Twenty-Five |
| 21 U.S.C. §952 and 18 U.S.C. §2 | Importation of More Than 100 Kilogram marijuana | May 5, 1985 | Thirty |
| 21 U.S.C. §841 and 18 U. S. C. §2 | Possession With the Intent to Distribute More Than 100 Kilograms of Marijuana | February 3, 1987 | Thirty-One |
| 18 U.S.C. §2 and 1952(a)(3) | Travel With the Intent to Promote an Unlawful Activity | February 3, 1987 | Thirty-Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

The initial judgment entered on March 25, 2006.


**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.


Date of Imposition of Sentence:
July 9, 2008


s/Maurice M. Paul
_____
MAURICE M. PAUL, SENIOR
UNITED STATES DISTRICT JUDGE

July 16, 2006

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months imprisonment as to counts 2,3,7,8,9,10,20,21,23, and 24 each to run concurrently with all counts; 60 months as to counts 11, 2,25,30,31, 32 each to run concurrently with all counts.**

The defendant remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve **a 3 year special parole term as to counts 7, 8, 9, 10, 20, 21, 23, and 24, said term to be served concurrently; and 4 years supervised release as to each of counts 30 and 31, said terms to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

15. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

As deemed necessary by the Probation Officer, the defendant shall participate in a program of mental health treatment.

The defendant shall not own or possess a firearm, dangerous weapon or destructive device.

The defendant shall remain gainfully employed or actively seek employment while under supervision.

The defendant shall submit all requested financial documentation to the probation officer.

The defendant shall participate in a program of mental health counseling.  The administrative supervision of such treatment shall be as directed by your probation officer.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

     Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

     These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____     _____
Defendant                                                           Date



_____     _____
U.S. Probation Officer/Designated Witness      Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $800.00 | $15,000.00 | NONE |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$800.00** is imposed.

## FINE

A fine in the amount of **$15,000.00** is imposed.

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that: No restitution imposed.

## FORFEITURE

The defendant shall forfeiture his interest in a sail boat "Blue Sky"

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

in installments to commence 90 day(s) after release from imprisonment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision the U.S. probation office shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

Payment during the term of supervised release will commence within 90 days after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
　　　　The defendant shall forfeit the defendant's interest in the following property to the United States:

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*1:88cr01026-017 - CHARLES L. DAVIS*

# DENIAL OF FEDERAL BENEFITS

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

**IT IS ORDERED** that the defendant shall be:

ineligible for all federal benefits for a period of **Enter Period of Ineligibility**.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.

**The Clerk of Court is responsible for sending a copy of this page and the first page of this Judgment to the U.S. Department of Justice at the following address:**

**Denial of Federal Benefits Program**
**U.S. Department of Justice**
**Bureau of Justice Assistance**
**810 Seventh Street, N.W.,**

**Washington DC 20531**

DENIAL OF FEDERAL BENEFITS

FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

**IT IS ORDERED** that the defendant shall be:

ineligible for all federal benefits for a period of **Enter Period of Ineligibility**.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.

**The Clerk of Court is responsible for sending a copy of this page and the first page of this Judgment to the U.S. Department of Justice at the following address:**

**Denial of Federal Benefits Program**
**U.S. Department of Justice**
**Bureau of Justice Assistance**
**810 Seventh Street, N.W.,**
**Washington DC 20531**